TORO, PLAINTIFF AND APPELLEE, *v.* PIZÁ BROTHERS, LTD., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action of Unlawful Detainer.

No. 2516.—Decided January 16, 1922.

LEASE—EXPIRATION OF CONTRACT—TACIT RENEWAL.—In this case of a lease for no fixed period, the rent being payable monthly when due, the lessor informed the lessees on May 13 that the lease was to be considered as terminated from the 30th of the previous month of April, for which month the rent had been paid, and on May 16 brought an action of unlawful detainer against them. *Held:* 1st. That the lessor is not bound to grant the lessees upon the expiration of the contract a time within which to vacate the property. 2nd. That there is no tacit renewal for the reason that the action was brought on May 16; therefore it is not premature, for on the 13th of the said month the lessor informed the lessees that the contract, which had expired on April 30, had terminated, thus avoiding the tacit renewal.

The facts are stated in the opinion.
*Mr. M. Travieso, Jr.,* for the appellant.
*Mr. J. Martínez Dávila* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Fernando del Toro Saldaña, the owner of a house in this city, leased it to the mercantile partnership of Pizá Brothers, Ltd., without an agreement as to time and the rent being payable monthly when due. The rent for the month of April, 1921, was paid and on May 13, following, the owner informed the lessee that the lease was to be considered as terminated from the 30th of the previous month of April. On May 16 he brought an action of unlawful detainer against the firm to recover possession of the property. The judgment below sustained the complaint and adjudged that the defendant should vacate the house in question and leave it at the free disposal of the plaintiff within fifteen days, or be forcibly evicted in case of its failure to vacate within that time. The costs were imposed upon the defendant.

In the appeal taken by the defendant from that judgment the facts recited are not discussed, but it is maintained in the first place that the judgment is erroneous because the complaint was prematurely filed without first demanding that the lessee should surrender the property on a given day.

In a contract for the lease of a thing one of the parties thereto binds himself to give to the other the use or enjoyment of the thing for a specified time and a fixed price, and section 1484 of the Civil Code provides that in leases of urban properties if a term should not have been fixed for the lease, it is understood to be for years when an annual rent has been fixed, for months when the rent is monthly and for days when it is daily, and that in every case the lease ceases without the necessity of a special notice upon the expiration of the term. On the other hand, section 1469 of the Civil Code provides that if on the expiration of the contract the lessee continues enjoying the thing leased for fifteen days with the acquiescence of the lessor, it shall ·be understood that there is an implied new lease for the time mentioned in sections 1480 and 1484, unless notice has previously been given. Section 1472 gives the lessor an action

to judicially dispossess the lessee upon the expiration of the conventional period, or the period fixed for the duration of leases in sections 1480 and 1484. The former of these refers to rural properties and the latter, which we have cited above, refers to urban properties.

In accordance with the statutes cited the contract of lease shall be in force with mutual obligations during the time agreed upon by the parties, but when they do not agree upon a fixed period, then in the case of an urban property whose rent is payable monthly, the contract expires each month, unless there is a tacit renewal by the lessor's acquiescence that according to law the contract may continue for another month, deduced from his failure to notify the lessee of the termination of the contract within the first fifteen days of the next month. Therefore, lessees who want to be protected in the enjoyment of the lessor's property for a period of more than a month when the rent is payable monthly, should covenant for such a longer period of time as may suit their interests in order that during that time they may not be deprived of the use of the property by the expiration of the term of the contract, for a lease creates reciprocal rights and obligations between the contracting parties and when the lessee has a right to enjoy the thing for a longer period than a month, there arises in the lessor a right to have him answer for the payment of the rent during the whole time, although at times the lessee may not want the use of the property.

The statutes cited forbid a conclusion that the complaint in this case is premature, for the contract between the parties expired by law on April 30 and there was no necessity of a special demand according to section 1848, and the owner became vested with the right to eject the lessee by judicial proceedings, which he could do by bringing the action within the first fifteen days of the following month, or by notifying the lessee within that time that he terminated the contract,

thus avoiding a tacit renewal and thereafter bringing the action for the surrender of the property, as was done in this case. On April 30th, like on the last day of each month, the contract between the parties terminated by operation of law and the lessee knew that he had no right to hold the property any longer and should vacate it if the lessor did not, by a tacit renewal, permit him to hold for a new term; therefore the owner was not bound to grant him time within which to vacate, as the appellant alleges.

The basis of the second assignment of error is that there was a tacit renewal for the whole month of May because the action was brought after the first fifteen days of that month.

As the owner notified the lessee on May 13th of his intention to terminate the lease, there was no tacit renewal from that moment and the contract terminated on April 30, the day on which it expired, and the fact that the action was brought after May 15 to obtain a judicial order for the surrender of the property does not affect the owner's right to reenter his property and does not entitle the lessee to the tacit renewal of a contract which had expired. There is nothing in the law to support the appellant's contention.

It is finally maintained that the judgment is erroneous because it only allowed the defendant fifteen days within which to vacate the house, instead of the twenty days allowed by section 16 of the Unlawful Detainer Act when the property is occupied by a commercial establishment.

Although the defendant is a mercantile partnership, there is nothing in the record to show that the firm used the house in question for commercial purposes; therefore, we can not conclude that this error was committed.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro and Hutchison concurred.